IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

vs.                                                         CR 11-2294 RB

**RYIN REESE,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Ryin Reese's Motion to Reconsider Detention Order, (Doc. 114), filed on February 17, 2012. A hearing was held on March 27, 2012. Having considered the submissions of counsel, the record, and relevant law, the Court denies this motion.

**I.   Background**

Ryin Reese is charged with conspiracy, making false statements in connection with the acquisition of firearms, smuggling firearms from the United States, and money laundering conspiracy. (Doc. 2). After a detention hearing, Judge Wormuth found that Ryin Reese is a flight risk and a danger to the community and ordered him detained pending trial. (Docs. 34 & 30). Ryin Reese has appealed the detention order, stating that conditions could be imposed that would assure his appearance and the safety of the community, it is difficult to prepare a defense while incarcerated, he anticipates vindication at trial, and his history and characteristics militate in favor of release. (Doc. 114). The United States opposes the appeal, maintaining that the evidence is strong against Ryin Reese, the complexity of the case does not justify his pretrial release, and his

own words prove that he is a flight risk and a danger to the community. (Doc. 123).

## II.     Standard

"If a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). "The motion should be considered and ruled upon in the first instance by a district judge in the court of original jurisdiction." *United States v. Cisneros*, 328 F.3d 610, 615 (10th Cir. 2003). The standard of review is *de novo*. *See id.* at 616 n.1.

## III.    Discussion

The Court must determine whether there is any condition or combination of conditions of release that will reasonably assure the appearance of Ryin Reese as required and the safety of any other person and the community. 18 U.S.C. § 3142(e). A defendant is entitled to pretrial release, with or without conditions, unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and community." 18 U.S.C. § 3142(e). The United States must prove risk of flight by a preponderance of the evidence, *see Cisneros*, 328 F.3d at 617, and it must prove dangerousness by clear and convincing evidence. 18 U.S.C. § 3142(f). The burden of persuasion always remains with the United States. *United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002).

In determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and community, the Bail Reform Act directs the court to considers the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including, *inter alia*, family and community ties as well as criminal

history; and, (4) the nature and seriousness of the danger to any person or the community posed by the defendant's release. 18 U.S.C. § 3142(g)(1)-(4). The court must impose the least restrictive condition or combination of conditions to reasonably assure the defendant's appearance and the safety of the community. *See* 18 U.S.C. § 3142(c)(1)(B).

The Indictment charges Ryin Reese with eighteen counts spanning the time period of April 2010 through July 29, 2011, is twice as many counts as any other co-defendant. (Doc. 2). The charges relate to conspiracy, making false statements in connection with the acquisition of firearms, smuggling firearms from the United States, and money laundering conspiracy. While the charges do not involve a presumption favoring detention, *see* 18 U.S.C. § 3142(e), they are serious and the weight of the evidence is significant. For instance, the United States has a recording of Ryin Reese warning the confidential informant to "be careful on the phone," thereby demonstrating that he was aware of his involvement in illegal activities. (Govt. Ex. 1). Contributing to the dangerousness calculus are Ryin Reese's comments that he has "no faith whatsoever" in the court system, his lawyer, or federal judges, (Doc. 139), and his discussions with the confidential informant concerning the drug-related violence in Mexico. (Govt. Exs. 6-8). While he no longer has access to the firearms seized by the United States, Ryin Reese was involved in the gun trade and is undoubtedly able to obtain firearms. Additionally, Ryin Reese has demonstrated a propensity to flee to Mexico. (Govt. Ex. 2-4). He attempted to obtain a fraudulent Mexican driver's license from the confidential informant, and went so far as to decide on an alias and provide passport photos to the confidential informant to take to Mexico to obtain the fraudulent license. (*Id.*) On another occasion, Ryin Reese mused to confidential informant "maybe I can move down to Mexico . . . some place with some beach front[.]" (Doc. 22 at 3). The United States has satisfied its burden of showing that Ryin

Reese is a danger to the community and a flight risk. There is no combination of factors that can be fashioned to assure Ryin Reese's appearance at trial or to eliminate the danger to the community.

Ryin Reese contends that it is very difficult to prepare a defense while he is incarcerated and he needs to review "years of books and records and files" and to analyze "hundreds of pages of recorded phone calls" with his counsel. (Docs. 130 and 114). Pre-trial detention inevitably interferes with trial preparation to some extent. The Bail Reform Act contemplates this problem and allows for detention provided that the defendant is "afforded reasonable opportunity for private consultation with counsel." 18 U.S.C. § 3142(i)(3). Ryin Reese does not contend that his access to his attorney has been restricted, but rather he asserts that the jail conditions are harsh. Additionally, he implies that it is difficult to review voluminous records in the jail. After a defendant has been detained, a "judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). The defendant has the burden of showing that temporary release is necessary for preparation of the defense under Section 3142(i). *United States v. Dupree*, ____ F. Supp. 2d ____, 2011 WL 5325561, *3 (E. D. N.Y. Nov. 3, 2011) (citations omitted). Ryin Reese has not met this burden. At this juncture, Ryin Reese has failed to show that his release is necessary for the preparation of his defense.[1]

At the hearing, Ryin Reese presented the testimony of Donna Richmond, the mother of his girlfriend and a well-respected member of the community. The Court appreciates Ms. Richmond's

---

[1] If defense counsel needs access to a conference room to meet with Ryin Reese inside the detention center, he should contact the United States Marshals Service or file an appropriate motion.

testimony and her willingness to serve as a third-party custodian. While the Court believes that Ms. Richmond would fulfill her responsibilities as a third-party custodian in an admirable manner, neither Ms. Richmond nor any third-party custodian would be able to ensure Ryin Reese's compliance with the conditions of release.

Due to the fact that three of the four Defendants remain in pretrial detention, the Court will move the trial date up from October 22, 2012 to July 16, 2012. Counsel are directed to confer and submit a scheduling order that includes the estimated number of days needed for trial by April 2, 2012.

**THEREFORE,**

**IT IS ORDERED** that Defendant Ryin Reese's Motion to Reconsider Detention Order, (Doc. 114), filed on February 17, 2012, is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Ryin Reese shall remain in the custody of the United States Marshal pending trial or further order of the Court.

**IT IS FURTHER ORDERED** that counsel shall submit a proposed scheduling order by April 2, 2012.

*[signature]*

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**